UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN-7728, Plaintiff, vs. COUNTY OF SAN DIEGO; CITY OF SAN DIEGO; STATE OF CALIFORNIA, Defendants. | Case No. 26-cv-0741-RSH-SBC **ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** **[ECF Nos. 2, 4]** |

Plaintiff Daniel Dorado, a prisoner at High Desert State Prison, is proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint, which is accompanied by more than 800 pages of trial transcripts and state habeas petitions, seeks $200 million in damages from the City, County, and State and his "immediate release from prison" based on alleged acts of prosecutorial misconduct during post-conviction proceedings in San Diego Superior Court Case No. SCD276163.[1]

[1] This Court takes judicial notice of state court records related to Plaintiff's state criminal proceedings. *See* Fed. Rule Evid. 201; *Bennett v. Medtronic, Inc*., 285 F.3d 801,

*See* ECF No. 5 at 2–6, 12; ECF No. 5-1 to 5-25.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed this case; instead, he filed two motions to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 2, 4. For the reasons explained below, the Court **DENIES** Plaintiff's Motions and **DISMISSES** the case without prejudice.

## I. IFP MOTION

### A. Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[2] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face[] an additional hurdle." *Id.*

---

803 n.2 (9th Cir. 2002) (stating courts may take judicial notice of records and filings of other court proceedings). State court records indicate Plaintiff was convicted in 2022 of multiple counts of sexual assault and rape in San Diego County Superior Court Case No. SCD276163. After appeals, his convictions were upheld but the appellate court remanded the case for a "full resentencing" on October 23, 2024. *See People v. Dorado*, 105 Cal. App. 5th 717, 740 (Cal. App. 2024). Plaintiff was resentenced and an amended judgment was entered on July 11, 2025. *See* Docket in Case No. D086495, Cal. Courts, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=41 (Search by Case Number/D086495) (last visited July 23, 2026). Plaintiff filed a notice of appeal of the amended judgment on the same day, and his attorney filed an opening brief on his behalf on May 7, 2026, but the matter remains pending before the California Court of Appeal in Case No. D086495. *See id.*

[2] The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, Section 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

///

**B. Discussion**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. A review of this Court's dockets show Plaintiff is not eligible to proceed IFP in this case because while incarcerated, he had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases, as well as other courts' records).

The following records are sufficient to show Plaintiff has three prior qualifying strikes:

(1) *Dorado v. Crumb, et al.,* Case No. 3:20-CV-1936-JAH-LL, 2021 WL 4358583, at *5 (S.D. Cal. Sept. 24, 2021) (Order dismissing second amended complaint without further leave to amend as frivolous, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) [ECF No. 33]);

(2) *Dorado v. Stephan*, No. 25-CV-0083-WQH-SBC, 2025 WL 605051, at *5 (S.D. Cal. Feb. 25, 2025) (Order granting IFP and dismissing complaint for failing to state a claim pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) [ECF No. 7]); *id*. (S.D. Cal. May 14, 2025) (Order dismissing action for failure to state a claim and failure to prosecute)[3] [ECF No. 11]); and

(3) *Dorado v. City of San Diego, et al.*, Case No. 25-CV-1509-CAB-MSB (S.D. Cal. Sept. 24, 2025) (Order granting IFP and dismissing complaint without leave to amend for failure to state a claim pursuant to 28 U.S.C.

---

[3] Failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim." *Harris*, 863 F.3d at 1142. "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

§§ 1915(e)(2)(B) & 1915A(b) [ECF No. 19]).[4]

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception. To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-CV-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Neither of Plaintiff's complaints nor the voluminous trial and post-conviction records he attached include any "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *Andrews*, 493 F.3d at 1056, that is "fairly traceable to [the] unlawful conduct asserted in [his] complaint[s]," *Ray*, 31 F.4th at 701. Instead, Plaintiff claims state prosecutors engaged in misconduct by failing to provide him with "22 pieces of discovery evidence" during 2025 post-conviction proceedings in San Diego Superior Court Case No. SCD276163. *See* ECF No. 5 at 3–6; ECF No. 5-2 at 18–35. He has made similar unavailing claims challenging the validity of this conviction in Section 1983 complaints at least two times before. *See e.g.*, Case No. 25-CV-1509-CAB-MSB (S.D. Cal. Sept. 24, 2025) (ECF No. 19 at 4); Case No. 20-CV-1936-JAH-LL (S.D. Cal. Sept. 24, 2021) (ECF No. 33 at 3–9). But Section 1915(g)'s "imminent danger" exception is not triggered merely by

---

[4] The Court notes Judge Bencivengo has previously found these same three strike dismissals precluded Plaintiff's ability to proceed IFP under § 1915(g) in *Dorado v. Cnty of San Diego, et al.*, Case No. 3:25-CV-2434-CAB-KSC-DDL (S.D. Cal. Dec. 9, 2025) (ECF No. 5).

reference to past wrongs, *see Andrews*, 493 F.3d at 1053, or "a sundry list of frivolous and unrelated allegations" involving state courts and prosecuting attorneys, *Demos v. United States*, No. 2:22-CV-01277-TL-JRC, 2022 WL 16813937, at *2 (W.D. Wash. Oct. 24, 2022), *report and recommendation adopted*, No. 2:22-CV-01277-TL, 2022 WL 16758472 (W.D. Wash. Nov. 7, 2022).

For these reasons, the Court finds Plaintiff is not entitled the privilege to proceed IFP in this case. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139. Because Plaintiff did not pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a), his litigation history precludes proceeding IFP, and because he does not allege to have faced imminent danger of serious physical injury at the time he filed either his original or amended complaints, his suit must be dismissed. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed[.]").

## II. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motions to Proceed IFP (ECF Nos. 2, 4) as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: July 24, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge